Th.e opinion of the court was delivered by
Tod, J.
The act of assembly, (Purd. Dig. 753, 4 Sm. L. 45,) which directs the mode in which sheriffs and coroners are to give security, &c., explicit as it appears to be, is silent on the very important question here presented. Therefore, we must decide on principle, and on authority as far as authority goes. In Dallas v. Chaloner’s Executors, (3 Dall. 501, in note,) M‘Kean, C, J., declared it to be an established principle, that the person who first sues and obtains judgment on an official bond, is entitled to take the whole of the penalty, if his demand amounts to so much, in exclusion of every other claimant. And in Dallas v Hazelhurst, (4 Dall. 106, in note,) the amount of the penalty of-the official bond was paid into courtj as in this case: and a motion was made in behalf of the claimants who had sued last, or who had not sued at all. Against them it was urged, that upon principle and authority, the creditor first suing was entitled to be first and completely paid; and the court were clearly of that opinion, and directed the whole of her debt and interest to’ Mrs. Capper, because she had commenced her action first. Those questions arose not upon sheriffs’, but upon auctioneers’ bonds: but the decisions apply.. Inconveniences have been suggested, if the mere contrivance of bringing a suit, and there stopping, can be allowed to repel or delay, every other claimant. Now, we by no means say, that subsequent plaintiffs are to be in the least impeded in their pro *382 ceedings to judgment and execution. But the fund must be appropriated according to lavy; and as in other similar cases of dispute, the money may be brought into court. Any case of fraudulent delay of a.prior suit, any case of wilful delay, even .without fraud, must be decided when it arises. By the act of assembly; the'recognisance entered into by the sheriff and his sureties, binds as a judgment. Our decision is with reference to the fund thus set apart by the law. Some inconveniences may happen, but it seems to me they will bear no proportion to the mischiefs which must follow the right of an insolvent sheriff, or of his sureties, to select their favourite claims,’ and appropriate the fund in their own way to whomsoever they may think fit to prefer, and in fact, almost dispose of the whole penalty of-the bond as if it was their own property. If there is to be any fraud in the case, clear it is, that a fraudulent commencement.of a first suit is. not by any means so likely to happen, as a fraudulent confession of judgment in the last. A course of embezzlement, or negligence by a'sheriff, injurious to suitors, to an amount beyond the penalty of his official bond, must usually be quite a long course. Early’notice of his deficiencies may in many respect's, and'to many persons, be very material.' Then, as far as respects the fund created by .the official bond and recognisance, by deciding, that he who is first in time is first in right, and that indulgence and concealment granted to the officer, shall not be encouraged'and repaid by a most injurious preference at the expense of other suitors, we adhere to the old decisions, and we preserve some check against the very first wrong or careless step of every sheriff, and lessen the probabilities of ultimate loss to the sureties as well as to others. . .
Judgment of the court below reversed, and judgment entered for the plaintiff in error..